74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ray CASTILLO, Plaintiff-Appellant,
and
Deborah Arlene Castillo, Plaintiff,
v.
AMERICAN LAUNDRY MACHINERY, INC.; Cooper Industries, Inc.,
Defendants-Appellees.
 No. 95-6001.
(D.C.No. CIV-93-2066-A)
 United States Court of Appeals, Tenth Circuit.
 Jan. 2, 1996.
 
 Before SEYMOUR, Chief Judge, EBEL, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Ray Castillo appeals from the district court's order granting summary judgment to defendants-appellees American Laundry Machinery, Inc. and Cooper Industries, Inc. Plaintiff's complaint sought damages from defendants under a products liability theory.[2] We have jurisdiction pursuant to 28 U.S.C. 1291, and affirm.
 
 
 3
 Plaintiff, a maintenance worker at a commercial laundry, was injured while lubricating a laundry folding machine owned by his employer and manufactured by defendants. Plaintiff conducted the lubrication process as he had been instructed by his supervisor. After greasing the machine bearings, plaintiff used a folded rag to wipe excess grease off the machine's drive chain. Plaintiff left the machine running while wiping the grease in order to spread the lubricant evenly. His rag became caught by the moving drive chain and his hand was pulled into the machine's drive sprocket, resulting in serious injuries. Plaintiff filed this action, alleging that the laundry machine was defective in design and manufacture and that defendants had failed to provide sufficient warning concerning the hazard which resulted in his injury.
 
 I.
 
 4
 We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court. Black Hills Aviation, Inc. v. United States, 34 F.3d 968, 972 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995).
 
 
 5
 In this diversity case, we apply Oklahoma law, with the goal that the end result obtained in this court should be the same as if the case were decided by an Oklahoma court. See Allen v. Minnstar, Inc., 8 F.3d 1470, 1476 (10th Cir.1993). We review de novo the district court's rulings concerning state law. Id.; see also Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 II.
 
 6
 Under Oklahoma law, a plaintiff who brings a manufacturer's products liability claim must establish three elements: (1) that the product was the cause of the injury; (2) that a defect existed in the product at the time it left the manufacturer's possession and control; and (3) that the defect made the product unreasonably dangerous. Kirkland v. General Motors Corp., 521 P.2d 1353, 1363 (Okla.1974). Defendant conceded, for purposes of summary judgment, that material issues of fact existed concerning the first two elements of plaintiff's claim. The district court addressed the third element, and concluded that the laundry machine was not "unreasonably dangerous" as a matter of Oklahoma law. It is this determination which plaintiff challenges here.
 
 
 7
 In order for a product to be "unreasonably dangerous" under Oklahoma law, it must "be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Id. at 1362-63 (quoting Restatement (Second) of Torts 402A, cmt. i (1965)). A manufacturer has no duty to produce a perfectly safe product; the question is whether the product is less safe than the consumer would expect. "Only when a defect in the product renders it less safe than expected by the ordinary consumer will the manufacturer be held responsible." Lamke v. Futorian Corp., 709 P.2d 684, 686 (Okla.1985).
 
 
 8
 A product may be unreasonably dangerous either because the manufacturer failed to warn of the dangers associated with the product, or because its design is defective. See Holt v. Deere & Co., 24 F.3d 1289, 1292 (10th Cir.1994). However, a manufacturer has no duty to warn of an obvious or generally known danger, Duane v. Oklahoma Gas & Electric Co., 833 P.2d 284, 286 (Okla.1992), or to minimize an obvious danger which is inherent in the product itself, Lamke, 709 P.2d at 686 (lit cigarette). See also Kelley ex rel. Kelley v. Rival Mfg. Co., 704 F.Supp. 1039, 1043 (W.D.Okla.1989) (crock pot), and cases cited therein.
 
 
 9
 The district court, relying on Cox v. Murray Ohio Mfg. Co., 732 F.Supp. 1555 (W.D.Okla.1987), concluded that the moving drive chain in defendant's laundry machine posed an obvious and inherent danger, against which defendant needed to provide neither warning nor protection. In Cox, the plaintiff was injured when she struck a moving chain on her lawn mower with a gloved hand to try to keep the chain from falling off. Her glove caught in the chain, and her hand was pulled into the rear sprocket of the mechanism. In granting the defendant's motion for summary judgment on her products liability claim, the Cox court stated as follows:
 
 
 10
 The chain and sprockets on the mower revolve rapidly, creating "pinch points" clearly capable of causing injury. The ordinary consumers in today's world, from experiences with bicycle chains as children to experiences with other chain-driven mechanisms as adults, recognize that these "pinch points" can cause severe damage. The chain and sprockets whirling on the front of the mower would be viewed as dangerous by the ordinary consumer because the gyrating parts are known to produce exactly the type of injury suffered by this plaintiff. Because the mower is not dangerous beyond the extent contemplated by an ordinary consumer, the mower, even if defective, is not unreasonably dangerous.
 
 
 11
 Id. at 1560-61. The district court here determined that the dangers associated with the chain and sprocket mechanism of defendant's laundry machine should similarly have been anticipated and were obvious, both to plaintiff and to his employer.[3] We agree with the well-reasoned opinion of the district court on this point.
 
 
 12
 Plaintiff contends, however, that while the danger of the motorized chain mechanism may have been obvious to his employer, it was not obvious to him, as a maintenance man who had only been on the job for six weeks. Oklahoma law presumes, however, that a workman using a product is "skilled at his job" and need not be warned of obvious dangers associated with the product. Hutchins v. Silicone Specialties, Inc., 881 P.2d 64, 67 (Okla.1993). Plaintiff supplies no reason, other than his relative newness to the job, for believing that the dangers involved in the moving chain mechanism should not have been obvious to him.
 
 
 13
 Moreover, plaintiff testified that he had had a shop rag caught in the gears without injury three or four times before his accident. Appellant's App. at 27. This certainly should have created actual awareness of the danger. See Grover, 893 P.2d at 504 (employee had knowledge of danger of drill press after catching her gloved hand in it on at least two prior occasions).
 
 
 14
 Plaintiff further argues that the district court failed to heed his expert's conclusion that a safety interlock should have been provided to prevent him from encountering the moving chain at all. The machine has removable access panels which allow access for lubrication purposes. The device proposed by plaintiff would have stopped the chain drive whenever the access panels were removed.
 
 
 15
 The district court noted that plaintiff presented no evidence that there was no safe way to lubricate the machine as manufactured. Obviously, the same effect as the proposed interlock device could have been achieved by either switching off the machine or unplugging it during routine maintenance. Oklahoma law does not require that the manufacturer install a safety device where a product can be used in a safe manner by a knowledgeable employee. See Woods v. Fruehauf Trailer Corp., 765 P.2d 770, 774-75 (Okla.1988). In that case, the Oklahoma Supreme Court held that where an employee truck driver could be expected to be familiar with the hazards associated with gasoline, and where it was possible to use the nozzles attached to his tanker truck in a safe manner, the defendant manufacturer had no duty to equip its tanker with nozzles containing a shutoff valve or to warn the employee of the hazards associated with failing to use such a nozzle. Id.[4]
 
 
 16
 Plaintiff responds that although it may have been possible to lubricate the laundry machine safely, his employer actually instructed him to lubricate the machine in an unsafe manner. He contends that the employer's unsafe practices were foreseeable to defendants and therefore created a duty on their part to warn or to protect him. See Smith v. United States Gypsum Co., 612 P.2d 251, 254 (Okla.1980) (manufacturer must anticipate all foreseeable uses of product).
 
 
 17
 The Smith case involved a highly flammable adhesive product widely marketed to consumers. The plaintiff in that case was a home handyman who was burned when the adhesive caught fire in his home. The Oklahoma Supreme Court held that the adequacy of the manufacturer's directions was a jury question. Id., at 253.
 
 
 18
 The Oklahoma Supreme Court has, however, rejected attempts to expand the Smith rule to make manufacturers blanket guarantors of the proper uses of their products by knowledgeable persons in a commercial context. The court has held, for example, that a manufacturer has "no duty to warn of dangers ... which are created by oversight or negligence of the employer or fellow employees." Duane, 833 P.2d at 287. In Hutchins, 881 P.2d at 67, the court distinguished Smith, in the professional context, stating that a manufacturer need not have foreseen that professionals would fail to read warnings and use its product in an unintended manner specifically warned against.
 
 
 19
 It is true that Duane and Hutchins still require a manufacturer to warn of foreseeable dangers. However, this duty looks, among other factors, to "the foreseeability of the user's knowledge of the danger." Duane, 833 P.2d at 286. Here, the "user's knowledge of the danger" was clearly foreseeable. Defendants had no duty to protect or warn against an obvious danger which plaintiff's employer chose to ignore.
 
 
 20
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court also granted summary judgment on Deborah Castillo's claim for loss of consortium. She has not appealed from the portion of the order of summary judgment dismissing her claim
 
 
 [3]
 The Cox court relied on Lamke, and other Oklahoma and federal cases concerning lawn darts and spinning saw blades. Cox, 732 F.Supp. at 1560. Recently, the Oklahoma Supreme Court remarked upon the obvious and inherent danger involved in a spinning drill press, in which an employee caught her gloved hand. Grover v. Superior Welding, Inc., 893 P.2d 500, 502 (Okla.1995) (affirming summary judgment for defendant in negligence case). We conclude that the federal district court's holding in Cox accurately reflects Oklahoma law concerning obvious dangers
 
 
 [4]
 The Woods case disposes of another of plaintiff's contentions: that the "obvious danger" rule does not apply in circumstances where an employee must use an unsafe product at the direction of his employer. He relies on our decision in Davis v. Fox River Tractor Co., 518 F.2d 481 (10th Cir.1975), in which we stated:
 If a device is dangerous to life and limb to the degree that no amount of care on the part of the user can overcome the defect so as to prevent injury, the obviousness does not alleviate the danger. We have difficulty seeing how the knowledge of the dangerousness can alleviate the dangerous condition inasmuch as the performance by plaintiff of his assigned tasks subjected him to injury regardless of the care exercised.
 We are of the opinion that the manufacturer cannot escape liability by contending that the defect was obvious where, as here, knowledge of the highly hazardous condition cannot serve to prevent the injury since the plaintiff-appellee must work.
 Id. at 484-85 (footnote omitted).
 Plaintiff's circumstances do not fall within the holding in Davis. As noted, plaintiff has presented no evidence that it was impossible to perform his assigned task of lubricating defendants' machine without injuring himself. Such a showing is required, both by Davis and by Woods.